<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COURTNEY GREEN,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS USA,<br>LG ELECTRONICS INC.,<br><br>Defendants. | Civil Action No. 22-6057 (SDW) (JSA)<br><br>**WHEREAS OPINION**<br><br>November 7, 2022 |

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Courtney Green's ("Plaintiff") "Motion[s] to vacate order of dismiss[al] and reinstate" (D.E. 5, 6) filed in connection with this Court's October 31, 2022 Whereas Opinion and Order ("Order") *sua sponte* dismissing Plaintiff's Complaint without prejudice and denying Plaintiff's application to proceed *in forma pauperis* (D.E. 3, 4); and

**WHEREAS** this Court deems Plaintiff's "Motion[s] to vacate order of dismiss[al] and reinstate," which request that this Court "reconsider [its] decision," as Motions for Reconsideration of this Court's October 31, 2022 Order; and

**WHEREAS** a party moving for reconsideration of an order of this Court must file its motion within fourteen (14) days after the entry of that order and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are "extremely limited procedural vehicle(s)" which are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (quotation marks omitted). They may only be granted if the moving party shows "(1) an

intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quotation marks and italics omitted). They are "not a vehicle for a litigant to raise new arguments." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.,* 940 F. Supp. 2d 141, 168 (D.N.J. 2013); and

**WHEREAS** Plaintiff's Motions for Reconsideration fail to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its Order, or an error of fact or law that, if left uncorrected, would result in manifest injustice. Furthermore, this Court dismissed the Complaint *without* prejudice, informing Plaintiff that he may file an amended complaint and pay the filing fee if he wishes to proceed; therefore,

Plaintiff's Motions for Reconsideration will be **DENIED**. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Jessica S. Allen, U.S.M.J.
　　　Parties