<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COURTNEY GREEN,<br><br>        Plaintiff,<br><br>v.<br><br>LG ELECTRONICS USA,<br>LG ELECTRONICS INC.,<br><br>        Defendants. | Civil Action No. 22-6057 (SDW) (JSA)<br><br>**WHEREAS OPINION**<br><br>December 14, 2022 |

      **THIS MATTER** having come before this Court upon *pro se* Plaintiff Courtney Green's ("Plaintiff") Amended Complaint and accompanying application to proceed *in forma pauperis* (D.E. 9), and Statement of Facts (D.E. 10),[1] and the Court having reviewed the Amended Complaint and related Statement of Facts for sufficiency pursuant to Federal Rule of Civil Procedure 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

      **WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(a)(1), (e)(2); and

      **WHEREAS** Plaintiffs' application to proceed *in forma pauperis* sufficiently demonstrates that Plaintiff cannot pay the filing fee because he: (1) has made an average of $2,000 per month in

---

[1] Although they were filed separately, this Court has incorporated the allegations in the Statement of Facts into its consideration of whether the Amended Complaint states a claim for relief. (D.E. 9, 10.)

income during the past year and is currently unemployed; (2) has $1800 per month in expenses; and (3) has $354 in an account, (D.E. 9-1 at 1–5); and

**WHEREAS** "[p]leadings must be construed so as to do justice," Fed. R. Civ. P. 8(e), and *pro se* complaints "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted) (reversing the dismissal of a *pro se* complaint on the grounds that the allegations were too conclusory).  Nonetheless, a *pro se* complaint must still include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see Erickson*, 551 U.S. at 93–94; *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015); and

**WHEREAS** Plaintiff's Amended Complaint and Statement of Facts appear to allege that Defendants have committed criminal and civil wrongs by producing televisions that serve as portals for people in the sports and entertainment industries to see and speak directly to Plaintiff, to speak about him in a humiliating manner on television, to monitor and surveil him, and to exploit him.  (D.E. 9 at 4–6; D.E. 10 at 1–3.)  He asserts that this conduct amounted to criminal racketeering, as well as civil wrongs such as defamation and invasion of privacy.  (*Id*.); and

**WHEREAS** the facts alleged in Plaintiff's *pro se* Amended Complaint are insufficient to state a claim upon which relief may be granted because they "do not permit [this Court] to infer more than the mere possibility of misconduct" by Defendants.  *Ashcroft*, 556 U.S. at 679; *see* Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that to survive a Rule 12(b)(6) motion, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"); therefore

Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and Plaintiff's Amended Complaint is *sua sponte* **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). An appropriate order follows.

   /s/ Susan D. Wigenton   
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Jessica S. Allen, U.S.M.J.
      Parties