<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COURTNEY GREEN,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS USA,<br>LG ELECTRONICS INC.,<br><br>Defendants. | Civil Action No. 22-6057 (SDW) (JSA)<br><br>**WHEREAS OPINION**<br><br>July 17, 2023 |

  **THIS MATTER** having come before this Court upon *pro se* Plaintiff Courtney Green's ("Plaintiff") motion to vacate the order of dismissal in this action (D.E. 27) ("Motion") filed in connection with this Court's December 14, 2022 Whereas Opinion and Order ("Order") *sua sponte* dismissing Plaintiff's Amended Complaint with prejudice and granting Plaintiff's application to proceed *in forma pauperis* (D.E. 11, 12); and

  **WHEREAS** this Court construes Plaintiff's motion, which requests that this Court "vacate the order of dismissal," as a second motion for reconsideration of this Court's December 14, 2022 Order, which was affirmed by the Third Circuit on June 8, 2023 (*see* D.E. 23), and regarding which this Court has already denied a motion for reconsideration from Plaintiff (D.E. 15, 16); and

  **WHEREAS** a party moving for reconsideration of an order of this Court must file its motion within fourteen (14) days after the entry of that order and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are "extremely limited procedural vehicle(s)" which are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013)

(quotation marks omitted).  They may only be granted if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quotation marks and italics omitted).  They are "not a vehicle for a litigant to raise new arguments."  *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.,* 940 F. Supp. 2d 141, 168 (D.N.J. 2013); and

**WHEREAS** Plaintiff's Motion was filed on July 12, 2023, several months after the 14-day filing deadline had passed and after this case was closed.  Moreover, Plaintiff's motion fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its Order, or an error of fact or law that, if left uncorrected, would result in manifest injustice; therefore,

Plaintiff's Motion will be **DENIED**.  An appropriate order follows.

                                                                                                /s/ Susan D. Wigenton
                                                  **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Jessica S. Allen, U.S.M.J.
      Parties